UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LEE GRAY, | : | CIVIL NO. 3:CV-09-0979 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| DAVID J. WAKEFIELD, et al., | : | |
| | : | |
| Defendants | : | |

FILED
SCRAN~~~
JUN  4 2014

PER _____
DEPUTY CLERK

## MEMORANDUM

## BACKGROUND

On May 22, 2009, Plaintiff, Anthony Lee Gray, an inmate currently

confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania,

filed the above captioned action pursuant to 42 U.S.C. §1981, §1983, §1985,

§1986, and for intentional torts allegedly committed against him in violation of

the common law of the Commonwealth of Pennsylvania. The named Defendants

are the following current and former employees of the Pennsylvania Department

of Corrections ("DOC"), and the State Correctional Institution, Huntingdon,

("SCI-Huntingdon") Pennsylvania, Plaintiff's former place of confinement:

David Wakefield, retired DOC Deputy Secretary; Raymond M. Lawler, retired

SCI-Huntingdon Deputy Superintendent; Michael Harlow, former SCI-

Huntingdon Deputy Superintendent for Facilities Management; Major S.R. Glunt,

former SCI-Huntingdon Major of the Guards; Thomas Holtz, former SCI-Huntingdon Correctional Officer; Jeffrey Ewing, retired SCI-Huntingdon Correctional Officer; Michael Harmon, SCI-Huntingdon Correctional Officer; Thomas Johnston, SCI-Huntingdon Security Office Lieutenant; Daniel Baird, SCI-Huntingdon Correctional Officer; Scott Marabella, SCI-Huntingdon Sergeant; Daryl W. Strittmatter, SCI-Huntingdon Correctional Officer; David B. Whitsel, SCI-Huntingdon Correctional Officer; Benjamin Butler, SCI-Huntingdon Correctional Officer; Mark Houp, SCI-Huntingdon Correctional Officer; Robert R. Williamson, SCI-Huntingdon Correctional Officer; David McMahon, SCI-Huntingdon Correctional Officer; Jason D. Shroyer, SCI-Huntingdon Correctional Officer; Timothy L. Prough, SCI-Huntingdon Correctional Officer; John T. Barr, SCI-Huntingdon Correctional Officer; Paula Price, SCI-Huntingdon Registered Nurse; Sheila Fink, SCI-Huntingdon Licensed Practical Nurse; Deanna Strittmatter, SCI-Huntingdon Registered Nurse; Ann Hoffmaster, SCI-Huntingdon Licenced Practical Nurse; and Mary Lou Showalter, SCI-Huntingdon Corrections Health Care Administrator.

Previously by Memorandum and Order dated September 16, 2011, Defendants' motions for summary judgment, alleging Plaintiff's failure to exhaust administrative remedies, were denied. See (Doc. 90). Also, by Memorandum and

Order dated September 28, 2012, Defendant Brown's motion for summary judgment was granted and Defendant Brown was terminated from the action. See (Docs. 103, 104).

By Memorandum and Order dated October 2, 2013, this Court granted the remaining Defendants' motion for summary judgment on all claims except (1) Plaintiff's Eighth Amendment excessive use of force claim against Defendants Strittmatter, Williamson, and Houp related to the transport of Plaintiff from the June 6, 2007 Program Review Committee (PRC) hearing to his cell, (2) Plaintiff's failure to intervene claim against Defendants Johnston and Mirabella related to the transport of Plaintiff from the June 6, 2007 PRC hearing to his cell, and (3) Plaintiff's state law tort claims of assault and battery against Defendants Butler, Ewing, Holtz, Houp, Strittmater, and Williamson, and of indecent sexual assault against a John Doe. See (Docs. 147, 148).

Presently pending is Defendants' motion for reconsideration of that part of the Court's October 2, 2013 Memorandum and Order denying Defendants' motion for summary judgment on Plaintiff's state law claims. (Doc. 155). Defendants argue that because corrections employees are immune from state law tort claims under Pennsylvania law, these claims should be dismissed. (Doc.

3

156).  For the reasons set forth below, Defendants' motion for reconsideration of this Court's Order will be granted.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See

4

Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories or to argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The Pennsylvania General Assembly has reaffirmed by statute the sovereign immunity of the Commonwealth and its agencies and employees. See Shoop v. Dauphin County, 766 F.Supp. 1327, 1333–34 (M.D. Pa. 1991). That statute provides that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S.A. § 2310.[1] This immunity

---

1. To date, the General Assembly has waived sovereign immunity in only nine categories of cases, none of which apply in this case. Those nine exceptions

(continued...)

5

applies to Commonwealth employees in both their official and individual capacities, so long as the employees are "acting with the scope of their duties." Maute v. Frank, 441 Pa. Super. 401, 657 A.2d 985, 986 (1995); Maples v. Boyd, 2004 WL 1792775, *9 (E.D. Pa. Aug. 9, 2004). Under Pennsylvania law, conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the job's authorized time and space limits; it is motivated, at least in part, by a desire to serve the employer; and if force was used by the employee against another, the use of force is not unexpected by the employer. Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010); Fitzgerald v. McCutcheon, 270 Pa. Super. 102, 410 A.2d 1270 (1979); Natt v. Labar, 117 Pa. Cmwlth. 207, 543 A.2d 223, 225 (1988). Factors courts look at to determine whether or not sovereign immunity applies include whether the Commonwealth employee was on duty, in uniform, and performing job functions throughout the duration of the alleged

_____

(...continued)
involve: (1) vehicle liability; (2) medical professional liability; (3) care, custody or control of personal property; (4) a dangerous condition of Commonwealth real estate, highways and sidewalks; (5) potholes, sinkholes, or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; 8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. § 8522(b).

6

offense.  Mitchell, 680 F. Supp. 2d at 683; see also Spencer v. Proce, 2010 WL 2766568, *3 (M.D. Pa. July 13, 2010).

Here, it is clear from the record that the Defendants' actions, escorting Plaintiff from the Program Review Committee room to his cell, fall within the scope their duties.  Plaintiff's state-law claims against the Corrections Defendants are therefore barred by sovereign immunity unless they fall within one of the exceptions carved out by the Pennsylvania General Assembly.  Because Plaintiff's state law claims of assault, battery, and indecent sexual assault do not fall within one of the nine exceptions to statutory sovereign immunity under Pennsylvania law, they are barred.

In opposition to Defendants' motion for reconsideration, Plaintiff, while conceding that the state law tort claims of assault, battery, and indecent sexual assault do not fall within one of the nine exceptions to statutory sovereign immunity enumerated in 42 Pa.C.S. § 8522(b), argues that the defense of sovereign immunity is not available in the instant case because Defendants' actions were outside the scope of their employment.  (Doc. 160).  In support of his position, Plaintiff relies on three cases, Velykis v. Shannon, 2006 WL 3098025 (M.D. Pa. Oct. 30, 2006), Robus v. Pennsylvania Dep't of Corr., 2006 WL

7

2060615 (E.D. Pa. July 20, 2006), and Savage v. Judge, 2007 WL 29283 (E.D. Pa. Jan. 2, 2007).

In Velykis, a corrections officer, without warning, slammed a van door shut on an inmate's head as the inmate was exiting the van. Velykis, 2006 WL 3098025 at *1. The court held that the corrections officer's use of force was not within the scope of his employment because the force used was not of the kind and nature he was employed to perform, did not appear to serve any purpose of the Department, and "while the Department would expect that force might be used at some point against an inmate, it would not expect the deliberate and unjustified use of force, apparently totally divorced from any need of the officer to exert control over the prisoner." Velykis, 2006 WL 3098025 at *4.

In Robus and Savage, the court found that sovereign immunity was inapplicable where corrections officers assaulted inmates in an attempt to dissuade the inmates from pursuing legal actions. In Robus, a corrections officer used force against Robus in response to learning that he had added the corrections officer's wife as a defendant in a lawsuit. Robus, 2006 WL 2060615 at *2. The court found that because it could be reasonably inferred that the corrections officer was motivated by personal concerns, he was not acting within the scope of his employment when he used force against Robus. Id. at *8 (citing R.A. ex rel.

8

N.A. v. First Church of Christ, 748 A.2d 692, 700 (Pa. Super. Ct. 2000) (concluding that an assault committed by an employee upon another for personal reasons ... is not actuated by an intent to perform the business of the employer and, as such, is not within the scope of employment)).  In Savage, Savage alleged in his complaint that corrections officers assaulted him in an attempt to punish him for agreeing to testify in another lawsuit. Savage, 2007 WL 29283 at 5. The court found that the corrections officers were not entitled to sovereign immunity at the pleading stage because it had not yet been established if the corrections officers' use of force was motivated in part by a desire to serve the Department. Id.

  This Court finds Plaintiff's reliance on these three cases is misplaced.  In Velykis, Robus, and Savage, the use of force by corrections officers was unprovoked, unnecessary and unjustified by security concerns or penological goals, and, therefore, did not, as a matter of law, fall within the scope of employment.  Wesley v. Hollis, 2007 WL 1655483, *15 (E.D. Pa. June 6, 2007) (holding that "where the alleged intentional tort was unprovoked, unnecessary or unjustified by security concerns or penological goals, courts have ruled that such conduct does not, as a matter of law, fall within the scope of employment"). Here, Defendants were acting in their capacity as corrections officers, on duty, in

uniform, responding to Plaintiff's criminal action of spewing fecal matter on the

PRC committee members and attempting to gain control of Plaintiff and remove

him from the situation as quickly and efficiently as possible.  The actions of

Defendants Strittmatter, Williamson, and Houp were of a kind and nature

corrections officers are employed to perform.  As such, sovereign immunity bars

Plaintiff's state law tort claims and Defendants are entitled to summary judgment

on these claims.

   A separate Order will be issued.


Dated: June 4, 2014

           **United States District Judge**

10