# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY LEE GRAY,                    :
                                     :
    **Plaintiff**                   CIVIL ACTION NO. 3:09-0979
                                     :
    v.                               :
                                     :        (JUDGE MANNION)
DAVID J. WAKEFIELD, et al.,          :
                                     :
    **Defendants**                   :

## **M E M O R A N D U M**

    Plaintiff Anthony Lee Gray submitted a motion in limine, (Doc. 194), in advance of the upcoming trial on his excessive force and failure to intervene claims. Plaintiff is requesting that 1) he be allowed additional witnesses, 2) he be given footage from security cameras within the prison, 3) the declaration of a now-deceased witness be admitted to the jury, 4) defendants produce the policy addressing the maintenance of prison video footage, 5) a letter written to him by a prison official be produced, 6) he be allowed a conference call with each witness before trial, 7) he be permitted to view the tapes defendants have produced thus far, 8) the particulars of his underlying criminal case and guilty plea are not admitted at trial, and 9) that he be allowed to have inmate Shawn Quinnones as a legal assistant at trial. For the following reasons, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Plaintiff brought several claims in this action. (Doc. 8). Only two claims remain for trial - excessive force and failure to intervene. Plaintiff alleges that he was beaten, kicked, sexually assaulted, and called racial slurs by correctional officers Mark Houp, Daryl Strittmatter, and Robert Williamson after being removed from a Program Review Committee hearing at the State Correctional Institute at Huntington on June 6, 2007 and being returned to his cell. He further alleges that two correctional officers, Timothy Johnston and Scott Mirabella, observed this excessive force occurring and did nothing to stop it.

There was a final pretrial conference ("FPTC") in this matter on August 20, 2014. Some of plaintiff's requests were addressed at that conference. Plaintiff's request to appoint counsel in this matter has been denied. (Doc. 181). Defendants have filed a response to the motion in limine, (Doc. 200), as well as additional correspondence informing the court of their progress in providing plaintiff materials he needs to prepare for trial.

## II. STANDARD OF REVIEW

It is axiomatic that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence

2

is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

## III.   DISCUSSION

1)   Additional Witnesses

Some of plaintiff's requests were already addressed at the FPTC. First, plaintiff requests that the court revisit its decision to not allow the testimony of inmates Moore and Cunningham. Plaintiff's requests for witnesses were discussed thoroughly at the FPTC and those requests were limited. The court addressed the reasons for those limitations thoroughly, determining that the requested witnesses would give testimony that was either not relevant, or duplicative of the testimony of allowed witnesses. *See* Doc. 182. Plaintiff has not raised new arguments for the inclusion of these witnesses. There is thus not a reason to revisit those decisions. Plaintiff's request for inmates Moore and Cunningham to testify is **DENIED**.

2)   Conference Call with Witness

Second, plaintiff's request to have a call with his inmate witnesses has already been granted. At the FPTC, the court ordered that defendants make arrangements for plaintiff to have a phone call with inmate Sutton, plaintiff's

only witness who is currently an inmate. (Doc. 182). Defendants have represented to the court that plaintiff has spoken to Mr. Sutton. (Doc. 201). Thus, plaintiff's request has already been granted, and is **MOOT**.

3) <u>Viewing Video Produced by Defendants</u>

Defendants have represented that plaintiff has had the opportunity to review the video listed as one of defendants' exhibits. (Doc. 201). Thus, plaintiff's request has already been granted, and is **MOOT**.

4) <u>Declaration of Mario Berry</u>

At the FPTC, the court determined that plaintiff may call Mario Berry as a witness. However, it has since been determined that Mr. Berry is deceased. Plaintiff thus asks that he be allowed to introduce Mr. Berry's declaration as evidence. Defendants do not object to the use of the declaration. Plaintiff's motion to use the declaration is **GRANTED**.

5) <u>Letter from Shirley Moore-Smeal</u>

Plaintiff requests a copy of a letter he states was written to him by a prison administrator. He represents that he would like to use that letter to show that "Huntington staff did try to prevent plaintiff from exhausting administrative remedies." Because plaintiff's exhaustion of administration remedies is not in dispute, and the only issues before the court are whether

excessive force was employed and whether there was a failure to intervene, the letter regarding exhaustion of remedies is not relevant. Therefore, plaintiff's request for the letter from Ms. Moore-Smeal is **DENIED**.

6)    B-Pod, C-Pod, and D-Pod Videos

Plaintiff next asks that defendants turn over videotape footage of cameras from housing areas known as B-Pod, C-Pod, and D-Pod for the date of the alleged excessive force. Plaintiff argues that these videos depict the excessive force and will prove his case.

Defendants represent that "[n]o video exists of the June 6, 2007 trip from the Restricted Housing Unit Hearing Room to Plaintiff's cell." Defendants therefore cannot produce any such video. Thus, plaintiff's request for the video is **DENIED**.

7)    Department of Corrections Videotape Policy

Plaintiff also requests that if the tapes are not produced, he be provided with the Department of Corrections policy which governs when and how tapes of incidents in the prison are maintained[1]. Defendants object to plaintiff being given access to this policy and assert governmental privilege. Defendants

---

[1] Plaintiff requests "the section of the 6.5.1 policy concerning the holding of footage when an incident happens in prison." (Doc. 194). After an *in camera* review, the court agrees with the defendants that the more applicable policy can be found in 6.3.1.

5

have provided the court with copies, for *in camera* review, of two policies it believes are responsive to plaintiff's request.

> "[I]n a prison setting, inmate requests for certain information can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental need[] [for] confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant..."

Rhines v. U.S., 2014 WL 3829002, at *3 (M.D. Pa. Aug. 4, 2014)(*citing* Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973). Courts consider a variety of factors in determining whether governmental privilege is appropriate, including whether the information sought is factual or evaluative, whether plaintiff's suit is brought in good faith, whether the information is available through other sources, and the importance of the information sought to the plaintiff's case. Id. The most important factor is the importance of the information to the plaintiff's case. Carchietta v. Russo, 2014 WL 1789459, at *6 (D.N.J. May 6, 2014)(*citing* Crawford v. Dominic, 469 F.Supp. 260, 264 (E.D. Pa. 1979))."[A] claim of executive or law enforcement privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted precise and certain reasons for preserving the confidentiality of the communications." Torres v. Kuzniasz 936 F.Supp. 1201, 1210 (D.N.J. 1996)(*citing* U.S. v. O'Neill, 619 F.2d 222, 226 (3d Cir. 1980)).

      Defendants argue that the policy requested by plaintiff is not relevant

and that disclosure of the policy could potentially cause security problems because it contains information about the operation of correctional institutions. John E. Wetzel, Secretary of the Pennsylvania Dept. of Corrections, provided an affidavit stating that he was invoking governmental privilege to prevent the release of the policy documents because the information could pose a risk of the safety of inmates and staff members. (Doc. 200-2). He also argues that because the policies indicate where video equipment is stored, it could facilitate inmate theft or destruction of the equipment. Defendants also argue that the policy did not require videotaping of the incident at the heart of this matter, making the policies irrelevant.

The court has reviewed the policies provided by defendants, and does not find that disclosure of some redacted portions of these policies discussing videotaping policies and procedures is likely to cause a risk of harm to correctional staff or to inmates. On the one hand, the sections of the policies at issue address the limited topics of when a videotape has to be made in the correctional facility, how the staff is to label and preserve the tapes, and other purely ministerial matters that are not likely to cause safety issues in the prison.

Balanced against that minimal safety concern is that plaintiff has alleged that videos of the alleged excessive force incident were made, and that the lack of such tapes harms his case significantly. The policies may show that tapes should have been made or retained, or they may show that there was

no requirement for videos to be made. How and whether to use the policy in presenting his case is a matter for plaintiff's discretion, and whether the policies will ultimately be relevant will depend on information that is brought out at trial. However, there is no reason that all portions of the policies regarding videotapes should be withheld because of privilege.

Accordingly, plaintiff's request for certain portions of DOC policy is **GRANTED**. Defendants will provide the plaintiff with page 32-1 §B(1)(d); page 32-4 §E(5)(d); page 32-5 §F(2); page 32-6 §F(5); page 32-7 §G(1); page 32-13 §§I(1) & I(2)(a) of Policy 6.3.1.

As the defense has indicated that no tapes were ever made of the incident, the court will not instruct the jury as to whether any such tapes existed at one time, unless different testimony is elicited at trial.

8) <u>Plaintiff's Underlying Offense and Guilty Plea</u>

Plaintiff argues that the particulars of the guilty plea he entered into following his actions on the date of the alleged excessive force incident should be excluded because they are not relevant to the issue of whether excessive force was used. Defendants argue that under Federal Rule of Evidence 609(a)(1)(A), the conviction is presumptively admissible, and that it is necessary to demonstrate the need for the application of force on June 6, 2007.

Fed.R.Evid. 609 does permit the use of evidence of a conviction for a

crime punishable by more than one year of imprisonment to attack a witness's character for truthfulness. Moreover, the court finds that the facts of the underlying assault and the guilty plea may be relevant to the determination of whether the force used by defendants on that date was excessive in light of what was necessary under the circumstances. Plaintiff's request to exclude such evidence at this stage is thus **DENIED**.

9) <u>Plaintiff's Request for a Legal Assistant</u>

Plaintiff requests that Shawn Quinnones be permitted to serve as his legal assistant for trial. The court has already determined that Mr. Gray is competent to represent himself ably, and does not see a basis for another inmate to serve as his assistant. The request is **DENIED**.

**IV. CONCLUSION**

For the above reasons, plaintiff's motion in limine, (Doc. 194), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's requests to obtain DOC videotaping policies and to use the declaration of Mario Berry are **GRANTED**. Defendants are ordered to provide plaintiff with the policy documents as described herein. Plaintiff's requests for a legal assistant, to exclude evidence of his assault conviction, For B, C, and D-Pod videos, additional witness, and the letter from Ms. Moore-Smeal are **DENIED.** His requests to speak with Mr. Sutton and to view video he already has in his

possession are **MOOT**. A separate order shall issue.

                                       s/ *Malachy E. Mannion*
                                       **MALACHY E. MANNION**
                                       **United States District Judge**

**Date: October 3, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2009 MEMORANDA\09-0979-02.wpd